IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-59,101-02






EX PARTE WILLIAM SPEER









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

FROM CAUSE NO. 99-F-0506-005 IN THE 5TH JUDICIAL

DISTRICT COURT OF BOWIE COUNTY




 Per curiam. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071 § 5.

 In October 2001, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071 in favor of the State, and the convicting court, accordingly, set applicant's
punishment at death. This Court affirmed applicant's conviction and sentence on direct
appeal. Speer v. State, No. AP-74,253 (Tex. Crim. App. October 8, 2003) (not designated
for publication). Applicant filed his initial post-conviction application for writ of habeas
corpus with the convicting court on October 30, 2001. This Court denied applicant relief. 
Ex parte Speer, No. 59,101-01 (Tex. Crim. App. June 30, 2004) (not designated for
publication). 

 Applicant filed this subsequent application with the convicting court on July 8, 2008. 
In this application, applicant presents a claim under Brady v. Maryland, 373 U.S. 83 (1963),
which requires the State to turn over evidence favorable to an accused where the evidence
is material to either guilt or punishment. Brady evidence also includes evidence that can be
used to impeach the State's witnesses. United States v. Bagley, 473 U.S. 667, 676-77 (1985);
Giglio v. United States, 405 U.S. 150, 154 (1972). 

 Applicant asserts that prison investigators used another inmate as an informant to
testify against him. He alleges that this other inmate continually received benefits from the
prison system in exchange for his testimony but that the State never made the extent of its
special relationship with the informant known to Applicant. Applicant also argues that this
claim meets the requirements of Article 11.071, § 5 (a)(1) because it could not have been
presented previously in Applicant's initial writ application for the reason that the factual
basis of the claim was not available. 

 We have reviewed the application and cannot determine on this record whether the
factual basis for the claim was unavailable on the date that applicant filed his previous
application. Therefore, this cause is remanded to the trial court so that the habeas corpus
record can be supplemented with evidence relating to the Section 5 bar. Specifically,
applicant shall have the opportunity to show when and how he obtained the alleged Brady
evidence at issue and whether he exercised due diligence to obtain this evidence at the
earliest opportunity. If appropriate, the trial court shall enter factual findings and credibility
determinations. Following receipt of this additional information, the trial court shall forward
the supplemented record to this Court so that we may determine whether the allegation
satisfies the requirements of Article 11.071, § 5. 

 This application for habeas corpus relief will be held in abeyance pending the trial
court's compliance with this order. The trial court shall receive evidence on the issue
presented within 60 days of the date of this order. (1) A supplemental transcript shall be
returned to this Court within 90 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 5TH DAY OF NOVEMBER, 2008.

Do Not Publish 
1. In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.